UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL R. FANELLI, SR.,

      Plaintiff,

v.                                          Case No. 6:09-cv-1317-Orl-35KRS

CHASE INVESTMENT SERVICES CORP.,

      Defendant.
_____/

## DEFENDANT'S RESTATED MOTION TO STAY THIS ACTION PENDING ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

Defendant Chase Investment Services Corp., ("Chase"), asks the Court to stay this action under 9 U.S.C. § 3, pending arbitration of all causes of action asserted by Plaintiff.

In support of this motion, Chase states:

1. Plaintiff Daniel R. Fanelli, Sr., ("Fanelli") sues Chase for fraud in the inducement (Count I) and negligent misrepresentation (Count II).

2. Chase is a securities broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA").

3. Plaintiff's Complaint centers on the allegations that Chase breached duties purportedly owed to Plaintiff in connection with transactions involving the purchase of securities through an account maintained by Plaintiff at Chase. (Compl. ¶¶ 6-13).

4. As discussed more fully below, Plaintiff may not proceed in this forum because his claims are subject to valid, binding and irrevocable agreement to arbitrate found in his Brokerage Account Agreement WM Financial Services, Inc..

5. In support of this motion, Chase simultaneously files Douglas Wilburn's Declaration Regarding Defendant's Motion to Stay This Action Pending Arbitration

("Decl."). Attached as Exhibit A to Mr. Wilburn's Declaration is Plaintiff's Brokerage Account Registration relating to the opening of the account through which Plaintiff made the investments at issue.

6. Paragraph 26, which is found on page 9 of Plaintiff's Brokerage Account Agreement WM Financial Services, Inc., contains the pre-dispute arbitration agreement that covers Plaintiff's claims against Chase.

7. Defendant asks the Court to stay this action pending resolution of those claims in arbitration. *See* 9 U.S.C. § 3.

### Memorandum of Law

The Federal Arbitration Act establishes a federal policy that favors arbitration, and creates a body of federal substantive law, which governs the issue of arbitrability in either state or federal court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S.1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). Thus, in resolving this issue, the Court is guided by established principles of federal jurisprudence relating to the arbitrability of disputes.

Under 9 U.S.C. § 2, "[a] written provision . . . to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Section 3 of the Federal Arbitration Act requires a court to stay proceedings if the court is satisfied that an issue before it is arbitrable. 9 U.S.C. §3. As the United States Supreme Court has held, courts must rigorously enforce agreements to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238, 1242, 84 L. Ed. 2d 158 (1985). Courts must resolve all doubts in favor of arbitration. *Volt Information Sciences, Inc. v. Board of Trustees of*

*Leland Stanford Junior Univ.*, 489 U.S. 468, 476, 109 S. Ct. 1248, 1254, 103 L.Ed. 2d 488 (1989).

Applying these principles to the facts here demonstrates beyond all doubt that the Court, under the authority of the Federal Arbitration Act, must stay this action pending arbitration of the claims alleged in the Complaint.

### A. The Allegations In The Complaint Fall Within The Arbitration Provision Requiring Arbitration of All of Plaintiffs' Claims.

Plaintiff executed a Brokerage Account Agreement in connection with opening the account at issue.[1] As Mr. Wilburn's Declaration establishes, the Brokerage Account Registration signed by Plaintiff was prepared by the financial advisor servicing Plaintiff's account. (Decl. ¶3). Plaintiff and the financial advisor signed the Brokerage Account Registration after it was completed and printed. (Decl. ¶4). Plaintiff received a copy of pages 1-4, which consisted of the Brokerage Account Registration, and pages 5-12, which comprised the Brokerage Account Agreement MW Financial Services, Inc. (Decl. ¶5).[2]

Page 4 of the Brokerage Account Registration, which Plaintiff signed on or about September 26, 2007, contained the following statement above Plaintiff's signature: "**I UNDERSTAND THAT THE ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION AGREEMENT WHICH APPEARS ON PAGE 9 IN SECTION 26, OF THE ACCOUNT AGREEMENT. I ACKNOWLEDGE RECEIPT OF THE PRE-DISPUTE ARBITRATION AGREEMENT.**" As a result, by signing the Brokerage Account Registration, Plaintiff admitted that a pre-dispute arbitration agreement governed his account with Chase and that he had received a copy of that

---

[1] This document comprises pages 1-4 of Exhibit A, which is attached to Douglas Wilburn's Declaration Regarding Defendant's Motion to Stay This Action Pending Arbitration.
[2] Chase is the successor to WAMU Investments, Inc. f/k/a WM Financial Services, Inc. (Decl. ¶2).

arbitration agreement. *See Dellacasa, LLC v. John Moriarity & Associates of Florida, Inc.*, No. 07-21659-CIV, 2008 WL 299024, *13-14 (S.D. Fla. Feb. 1, 2008) (specific reference in signed document to another document binds signatories to other document even if not received). The arbitration agreement signed by Plaintiff includes "all claims, controversies and other disputes between" the parties relating to, among other things, "the brokerage account or any orders or transactions therein [.]" (Decl. Exh. A at p.9, ¶26). At issue under the Complaint are securities transactions in Plaintiff's account with Chase. Plaintiff's arbitration agreement undeniably applies to the allegations, claims and causes of action at issue in this case.

### B.     The Claims Asserted By Plaintiff Are Arbitrable.

Plaintiff purports to bring claims for fraud in the inducement and negligent misrepresentation. All of Plaintiff's claims are arbitrable. *Oppenheimer & Co. Inc., v. Young*, 475 So. 2d 221 (Fla. 1985) (state law claims premised on securities transactions are arbitrable under the Federal Arbitration Act); *see also Byrd*, 470 U.S. at 223-24, 105 S. Ct. at 1244 (compelling arbitration of state law claims under Federal Arbitration Act).

In *Oppenheimer & Co., Inc. v. Young*, 456 So.2d 1175 (Fla. 1984), *vacated*, 470 U.S. 1078, 105 S.Ct. 1830 (1985), the Supreme Court of Florida held that claims brought for common law fraud, negligence and breach of fiduciary duty in regard to the handling of a securities account were not arbitrable. The United States Supreme Court vacated this opinion and remanded the case for further consideration on the basis of its decision in *Byrd. Oppenheimer & Co. Inc., v. Young*, 470 U.S. 1078, 105 S.Ct. 1830 (1985). In light of the decision in *Byrd*, the Supreme Court of Florida reversed its earlier decision and held that all claims asserted by the plaintiff in *Young*, which include the same claims

asserted by Plaintiff here, were arbitrable under the arbitration agreements between the parties and the Federal Arbitration Act.

### C. The Court Should Stay This Action Pending Arbitration.

Chase asks this Court to stay this entire action pending arbitration of the claims brought by Plaintiff. Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon **any issue referable to arbitration under an agreement in writing for such arbitration**, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

As the claims brought by Plaintiff are subject to the pre-dispute agreement to arbitration in the Brokerage Account Agreement WM Financial Services, Inc., Chase submits that the Court must stay this action in regard to those claims under Section 3 of the Federal Arbitration Act until arbitration is completed. *See Suarez-Valdez v. Shearson/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("an agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."). Indeed, once a court determines that a dispute is referable to arbitration, that court's very limited powers in regard to the dispute consist of staying the court case pending arbitration, compelling arbitration if a party refuses, neglects or fails to arbitrate, enforcing any subpoena issued by arbitrators, and confirming, vacating, modifying or correcting an arbitration award. *Stanton v. Paine Webber Jackson & Curtis, Inc.*, 685 F. Supp. 1241, 1242 (S.D. Fla. 1988).

WHEREFORE, Defendant respectfully asks this Court to stay this action pending arbitration of all claims brought by Plaintiff.

Respectfully submitted,

Bressler, Amery & Ross, P.C.
Attorneys for Defendants
Huntington Centre II
2801 S.W. 149th Avenue, Suite 300
Miramar, FL 33027
Telephone:   954-499-7979, ext. 4226
Facsimile:    954-499-7969
E-Mail:        asabo@bressler.com


/s/ Alex J. Sabo
Alex J. Sabo
Fla. Bar No.: 262821


### CERTIFICATE OF CONFERENCE

I hereby certify that I contacted Brandon S. Peters, Counsel for Plaintiff, to discuss Plaintiff's position regarding this motion and that counsel were unable to reach agreement regarding disposition of this motion.

/s/ Alex J. Sabo
Alex J. Sabo


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Motion to Stay This Action Pending Arbitration has been furnished by email attachment (bpeters@peterstrialgroup.com) and U.S. Mail to: Brandon S. Peters, Peters Trial Group, LLC, 1844 W. Fairbanks Avenue, Winter Park, FL 32789 this ____ day of September, 2009.

/s/ Alex J. Sabo
Alex J. Sabo